# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**REBECCA HAINER,** as **Next Friend**
 of **BRANDON CHANDLER,** a Minor**,**

          **Plaintiff,**                          **Case No. 03-73711**

**vs.**                                           **HONORABLE DENISE PAGE HOOD**

**GERALD ALAN ARCHUTOWSKI,**
**SCHOOL DISTRICT FOR THE CITY**
**OF ANCHOR BAY, JOE McDONALD,**
and **MS. WILES,**

          **Defendants.**

_____/

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

This matter is before the Court on Defendants Anchor Bay School District, Joseph McDonald and Dianna Wiles' Motion for Summary Judgment filed on October 24, 2005. Defendant Gerald Alan Archutowski also filed a Motion for Summary Judgment on January 31, 2006. Responses have been filed.

In her Complaint filed on September 25, 2003, Plaintiff, as Next Friend of Plaintiff Brandon Chandler, a Minor, alleges three counts against Defendants School District, McDonald and Wiles. They are: (1) Deprivation of Federal Statutory Civil Rights and Violation of the United States Constitution under 42 U.S.C. §§ 1983, 1985, 1988, the Fourth Fifth, Eighth, and Fourteenth Amendments (Count I); (2) Negligence (Count III); and (3) Intentional Infliction of Emotional

1

Distress (Count IV). Plaintiffs alleges all these counts against Defendant Archutowski, in addition to an assault and battery claim (Count III).

For the reasons stated herein, this Court GRANTS Defendants Anchor Bay School District, McDonald and Wiles's Motion for Summary Judgment and DENIES Defendant Archutowski's Motion for Summary Judgment.

## II. STATEMENT OF FACTS

### A. Background

The Plaintiff Minor Brandon Chandler [hereinafter "Plaintiff Minor"] is a former student of the Anchor Bay School District [hereinafter "Defendant School District"]. (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J. at 1). At the time of the alleged series of events forming the basis of the present litigation, Plaintiff Minor was fourteen years old. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br, in Supp. of Answer to Defs.' Mot. for Summ. J. at 1). Plaintiff Minor was enrolled as a special education student at Defendant School District's Middle School. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 1). Defendant, Gerald Alan Archutowski [hereinafter "Defendant Archutowski"] was Plaintiff Minor's language arts teacher at Defendant School District. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br, in Supp. of Answer to Defs.' Mot. for Summ. J. at 1). Defendant Joe McDonald [hereinafter "Defendant McDonald"] was Plaintiff Minor's Assistant Principal at Anchor Bay Middle School. (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J. at 1). Defendant Dianna Wiles [hereinafter "Defendant Wiles"] was Plaintiff Minor's

2

teacher at Anchor Bay School District.  (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J. at 1).

From October 2002 until January 2003, Plaintiff Minor alleges that Defendant Archutowski touched him inappropriately on seven different occasions.  In April 2003, Defendant Archutowski was arrested and charged with various counts relating to the possession of internet child pornography on his home computer.  (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J. at 10).  Upon his arrest, Defendant Archutowski resigned from Defendant School District.  (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J. at 10).  In the Spring of 2003, Defendant Archutowski was convicted of the aforementioned offenses.  (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 1).

Plaintiff Minor alleges that the first incident in which Defendant Archutowski inappropriately touched him was between the second and fourth week in the fall semester of the 2002 school year.  (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 2).  Plaintiff Minor asserts that Defendant Archutowski began rubbing his shoulders and back while he was seated at his desk in the classroom.  (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 2).  Plaintiff Minor states that the first incident lasted about thirty seconds. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 2).        A couple of days later during the second incident, Plaintiff Minor asserts that Defendant Archutowski, while answering a question posed by Plaintiff Minor, touched him again by rubbing the top and middle of his back for thirty seconds to one minute.  (Pl.,

Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 2).

The third incident occurred in late September, or early October. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 2). Plaintiff Minor alleges that Defendant Archutowski once again touched him again by rubbing the top and middle of his back for thirty seconds to one minute. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 2). Plaintiff Minor indicated that he informed his mother, Plaintiff Rebecca Hainer [hereinafter "Plaintiff Hainer"] of the abuse by stating, "the guy's a fag." (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 2). Plaintiff Hainer did not believe her son's accusations towards Defendant Archutowski. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 2).

The fourth incident occurred a couple of days to a week after the third incident. (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J. at 6). Plaintiff Minor alleges that Defendant Archutowski touched him, rubbing his lower back above the belt line. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 2-3). Plaintiff Minor informed Plaintiff that he felt uncomfortable in Defendant Archutowski's class. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 3).

The fifth incident occurred a couple of days after the fourth incident. Plaintiff Minor alleges that Defendant Archutowski touched him, once again rubbing his lower back above the belt line.

4

(Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 3). Plaintiff Minor once again informed Plaintiff of the incidents involving Defendant Archutowski. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 3).

The sixth incident occurred after Thanksgiving break in the Fall of 2002. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 3). Plaintiff Minor alleges that Defendant Archutowski rubbed his back below the belt line, where the Plaintiff's lower back and buttocks meet, for twenty to thirty seconds. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 3; Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J. at 7). Plaintiff Minor informed Plaintiff of the incident involving Defendant Archutowski. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 3).

The seventh incident occurred sometime prior to Christmas 2002. (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J. at 7). Plaintiff Minor alleges prior to Defendant Archutowski touching him again, Plaintiff Minor swung Defendant Archutowski's hand away and accused Defendant Archutowski of either being a "fag," or a "child molester." (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 3-4; Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J. at 8). Plaintiff Minor was sent to the office for this action, and a conversation took place during which Defendants McDonald and Wiles were present. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J.

at 4; Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J. at 8). As a result of his actions, Plaintiff Minor was suspended from school for three days. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J. at 4).

## III. STANDARD OR REVIEW

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not

6

significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50
(citations omitted).  Accordingly, a nonmovant "must produce evidence that would be sufficient to
require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497
(E.D. Mich. 1993) (citations omitted).

## IV.  APPLICABLE LAW & ANALYSIS

### A.  42 U.S.C. § 1983

#### 1.      Municipal Liability

Plaintiff brought this action pursuant to 42 U.S.C. §§ 1983, 1985, 1988, the Fourth Fifth,
Eighth, and Fourteenth Amendments of the United States Constitution.  (Pl.'s Comp. ¶ 6). Plaintiff
conceded in oral arguments that there were no claims pursuant to 42 U.S.C. §§ 1985 and 1988.  As
a result, any claims by Plaintiff pursuant to 42 U.S.C. §§ 1985 and 1988 are dismissed.

A plaintiff can bring a claim under section 1983 when [he] is deprived "of any rights,
privileges, or immunities secured by the Constitution and laws," and as a result "of any statute,
ordinance, regulation, custom, or usage, of any State." *Doe v. Clairbourne County, Tenn*, 103 F.3d
495, 505 (6th Cir. 1996).  *See also* 42 U.S.C. § 1983.  A municipal liability claim against the
Defendant Anchor Bay School District must be examined by applying a two-pronged inquiry: (1)
whether the Plaintiff has asserted the deprivation of a constitutional right at all; and (2) whether the
district is responsible for that violation.  *Id*. at 505-506.  *See Collins v. City of Harker Heights*, 503
U.S. 115, 120 (1992).  For liability to attach, both questions must be answered in the affirmative.
*Does*, 103 F.3d at 505-06.

a.      **Constitutional Right**

The Sixth Circuit has held that a schoolchild's right to personal security manifestly embraces

the right to be free from sexual abuse at the hands of a public school employee.  *Id*.

> The substantive component of the Due Process Clause protects
> students against abusive governmental power as exercised by a
> school. To be sure, the magnitude of the liberty deprivation that
> sexual abuse inflicts upon the victim is an abuse of governmental
> power of the most fundamental sort; it is an unjustified intrusion that
> strips the very essence of personhood.  If the "right to bodily
> integrity" means anything, it certainly encompasses the right not to
> be sexually assaulted under color of law.  This conduct is so contrary
> to fundamental notions of liberty and so lacking of any redeeming
> social value, that no rational individual could believe that sexual
> abuse by a state actor is constitutionally permissible under the Due
> Process Clause.

*Id*. at 506-507; *see Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996).  A schoolchild therefore

has a clearly established right under the substantive component of the Due Process Clause to

personal security and to bodily integrity and that such right is fundamental.

In *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716 (6th Cir. 1996), the Sixth Circuit noted

that the "shocks the conscience" standard is applicable to show a violation under the substantive due

process claim, which is quite different than a claim of assault and battery under state tort law.  *Id.*

at 725.  "[T]he substantive due process inquiry must be whether the force applied caused injury so

severe, was so disproportionate to the need presented, and was so inspired by malice or sadism

rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane

abuse of official power literally shocking to the conscience." *Id.* (*quoting Webb v. McCullough,* 828

F.2d 1151, 1158 (6th Cir. 1987)); *DeShaney v. Winnebago County Dept. of Social Svcs.*, 489 U.S.

189, 197 (1989); *Rochin v. California*, 342 U.S. 165 (1952).  The Sixth Circuit found as a matter of

law that a single slap by a school official could shock the conscience and, although careless and

8

unwise, fall far short of "brutal," or "inhumane."  *Lillard,* 76 F.3d at 725-26.  Rubbing a student's

stomach, accompanied by a remark that could reasonably be interpreted as suggestive, although

wholly inappropriate and deplorable, is not a conduct that creates a constitutional claim.  *Id.* at 726.


In his deposition, Plaintiff Minor made the following statements in regards to the first

incident of alleged inappropriate touching by Defendant Archutowski:

> Q: Can you describe for me what happened?  What did he do that you
> consider inappropriate?
> A: Mr Archutowski – I raise my hand and asked for help.  Mr
> Archutowski came over and was helping me, and he kind of rubbed
> my shoulders a little bit.
>                          ***
> Q: Would it have been one shoulder, or two shoulders?
> A: My back, like around my shoulder blades.
> Q: All right.  Would it be fair to describe it as the upper half of your
> back and shoulders?
> A: Yes.
> Q:  So it wasn't anything that went below the – toward your pant line,
> is that correct?
> A: No, not the first time.
>                          ***
> Q:  When Mr. Archutowski was touching your shoulder and back
> region, did he say anything this first time?
> A: No.
> Q: Did you see any expression on his face?
> A: No.

(Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of
Answer to Defs.' Mot. for Summ. J., Ex. 2 at 29-30).

In regards to the second incident of alleged inappropriate touching by Defendant

Archutowski:

> Q: Mr. Archutowski came over, and you were seated at your desk, is
> that correct?
> A: Yes
> Q: And he placed his hand – was it just one hand again?

9

A: Yes.

Q: Was there any other part of his body that touched you during the second incident?

A: No.

Q: Now, let's go back to any point in time, the inappropriate contact that Mr. Archutowski had on any of these instances, was it always his hands on you?

A: Yes.

Q: Was it ever any other part of his body on you?

A: No.

Q: So the second incident he starts rubbing, and did you say he rubbed your shoulders again?

A: Yeah.

Q: And this time it went further?

A: Yes.

Q: And this time he went further down your back, is that what you're saying?

A: Yes.

Q: Did he go to the point of touching like the belt line in your pants?

A: Not the second time.

Q: So he is still above the belt line?

A: Yes.

Q: But he's rubbing now on the lower part of your back?

A: Yes.

Q: Can you tell me approximately how long is his hand on you the second time?

***

A: Yeah, maybe thirty seconds to a minute.

(Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 2 at 34-35).

The third, fourth, and fifth incidents were similar to the second incident in that in each of these instances Defendant Archutowski's alleged inappropriate touching consisted of him placing his hand on the shoulder or lower back of Plaintiff Minor, above the belt line, for approximately thirty seconds or a minute. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 2 at 37-58). In each instance, Plaintiff Minor testified that these instances were in response to questions posed by him to Defendant Archutowski,

10

and that Defendant Archutowski made no comments to Plaintiff Minor of any nature, aside from responding to Plaintiff Minor's questions pertaining to schoolwork. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 2 at 37-58).

In regards to the sixth incident, Plaintiff Minor testified at deposition:

Q: Okay.  Tell me what happened in the sixth incident.
A: The sixth incident was where I asked for help again.  I don't remember if we were doing paperwork or – I don't think it was like a group activity or something.  But we had – we were watching a movie.  After the movie we had to take notes, and then we had to do this worksheet.  And I had asked for help on it.  The sixth incident was where Mr. Archutowski was – like rubbed my back.  He started at the middle of my back, went down to my belt line.  The sixth incident was where he was kind of on my belt line, and then he went like right below my belt line.
Q: And so we're clear, his hand was outside of your pants and outside of your clothing?
A: Yes.
Q: Okay. How long did the physical contact last?
A: That one was maybe – it was no more than thirty seconds, twenty seconds maybe.
Q: Twenty to thirty seconds?
A: Yes.  All this did not happen overnight.  This was kind of done like a couple days apart.  Each incident was a couple of days apart, maybe a week apart.  It didn't happen every time I'd ask for help.  I'd ask for help in between those incidents, but –
Q: Okay.
A:  – every incident was a week to a couple days apart.
Q: ...So on this sixth incident, this is the first time that he actually goes to the belt line?
A: Yeah.
Q: Does he go below the belt line?
A: Yes, right on – not like right on my buttocks area, but like right below the belt line, at the top of my belt.
Q: Okay.  So at the top of your buttocks, kind of where the buttocks and the back meet for lack –
A: Yes.
Q:  – of a better phrase, is that –
A: Yes

> Q: Did he say anything to you, other than about the question that you had asked?
> A: No.
> Q: Was there anything unusual in his expression, his demeanor that you observed, other than the fact that he's touching you?
> A: No. Mr. Archutowski never had any weird facial expressions. He had never said anything other than, you know, my paperwork, what I needed help with.

(Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 2 at 59-62).

In regards to the seventh incident, Defendant Archutowski never touched Plaintiff Minor at all. When Defendant Archutowski allegedly went to touch Plaintiff Minor, he swung away. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 2 at 65-66).

In light of the "shocks the conscience" test, viewing the seven incidents in the context of the surrounding circumstances, and construing the facts in the light most favorable to the Plaintiff, the alleged inappropriate touching and/or fondling does not appear to demonstrate that Defendants School District, McDonald and Wiles failed to discharge a duty that so shocked the conscience as to constitute a substantive due process violation since these Defendants were not clearly on notice of the contacts. *See DeShaney*, 489 U.S. at 197. The contacts do not appear to have been particularly sexual in nature until the sixth incident. The first six allegedly inappropriate contacts were in response to questions posed by Plaintiff Minor to Defendant Archutowski, in the presence of the other students in the classroom, lasted for no longer than thirty seconds to a minute on each occasion, and were not in conjunction with any inappropriate comments or expressions by Defendant Archutowski. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 2). However, with regards to the sixth incident,

12

it appears that Defendant Archutowski's touching went below the belt line.  This conduct, along with the first five contacts, creates a question of fact as to whether such a touching below the belt line and the progressively longer five previous contacts may shock the conscience.  However, even if this Court finds a deprivation of a Constitutional right based on the sixth incident, in conjunction with the previous five incidents, the Plaintiff's claim against Defendants School District, McDonald and Wiles because they are not responsible for the violation.

### b.    *Respondeat Superior*

A plaintiff cannot base a claim against the school district solely on Defendant Archutowski's conduct, because *respondeat superior* is not available as a theory of recovery under section 1983. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978).  The plaintiff must show that the school district itself is the wrongdoer.  *Collins,* 503 U.S. at 122.  In order for a municipality to be liable under § 1983 there must be some personal involvement or evidence that "execution of [the] government's policy or custom, whether made by its lawmakers or by those who edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694.  "Liability must be based on more than merely the right to control employees." *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff does not identify any policy or custom by the Defendant school district which inflicted injury upon Plaintiff.  Plaintiff merely states that Defendants failed to properly investigate the accusations against Defendant Archutowski and that the Defendant school district had constructive notice of the accusations.  To state a claim for municipal liability under an "inaction" theory, a plaintiff must establish: 1) the existence of a clear and persistent pattern of sexual abuse by school employees; 2) notice or constructive notice on the part of the district; 3) the district's tacit

13

approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and 4) that the district's custom was the "moving force" or the direct causal link in the constitutional deprivation. *Doe,* 103 F.3d at 508. The evidence must show that the need to act is so obvious that the district's "conscious" decision not to act can be said to amount to a "policy" of deliberate indifference to the child's constitutional rights. *Id.*

Plaintiff has not demonstrated that the action or inaction of Defendant School District amounted to an official policy of inaction that amounted to a "policy" of deliberate indifference to Plaintiff Minor's constitutional rights. The deposition of Plaintiff indicates that after being told of the first incident of alleged inappropriate touching Plaintiff did not contact anybody at Defendant School District because she did not believe that there was any inappropriate contact. (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J., Ex. 5 at 21-23). Plaintiff Minor further indicates that he did not inform anyone, including Plaintiff, of the alleged inappropriate contact by Defendant after the first incident. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 2 at 32). Plaintiff testified at her deposition that she did not recall informing Defendant School District until possibly after the second incident when she believed that she called Ms. Vader[1] and left messages. (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J., Ex. 5

---

[1] Kimberly Vader recently was divorced and now goes by the name Kimberly Rose Verhamme. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 5 at 5). Ms. Vader was a teacher consultant at Defendant School District. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp of Answer to Defs.' Mot. for Summ., Ex. 5 at 11-12). She is not a party in this lawsuit.

14

at 28-29). Plaintiff also stated that she spoke to Defendant Archutowski at that time. (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J., Ex. 5 at 29-31). Ms. Vader testified at her deposition that she would dispute that she ever spoke to Plaintiff after the second incident. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 5 at 17). Plaintiff then stated that she continued spoke to Ms. Vader after the second incident, but cannot recall whether she alleged inappropriate contact by Defendant Archutowski, or stated that "[Plaintiff Minor] feels funny, eerie with this guy." (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J., Ex. 5 at 32-33). Ms. Vader has no recollection of any discussions with Plaintiff about any inappropriate contact or removing Plaintiff Minor from Defendant Archutowski's class. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 5 at 18-20).

Plaintiff stated that she remembered making phone calls to Defendant McDonald on a few occasions, but the conversation revolved around other issues with Plaintiff Minor and did not pertain to any inappropriate touching alleged by Plaintiff Minor in regards to Defendant Archutowski. (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J., Ex. 5 at 38-39). Defendant McDonald stated at his deposition that he was never made aware of any allegations of inappropriate touching until January 17, 2003, the date of the disciplinary action taken against Plaintiff Minor based upon his actions pertaining to the seventh incident. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 7 at 34-36).

15

Plaintiff Minor stated that he did not inform Plaintiff of the alleged inappropriate contact until after the third incident.  (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 2 at 39-40).  Plaintiff states that in between the third and seventh incident that she was involved in a heated argument with Ms. Vader in which she alleges, although she does not remember her exact words, that she told Ms. Vader that she wanted Plaintiff Minor removed from the classroom with Defendant Archutowski because Plaintiff Minor felt as if he was being inappropriately touched.  (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J., Ex. 5 at 47-48).  Ms. Vader has no recollection of any discussions with Plaintiff about any inappropriate contact or removing Plaintiff Minor from Defendant Archutowski's class.  (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ., Ex. 5 at 18-20).

Plaintiff testified that as of January 2003, she has no recollection of discussing the alleged inappropriate contact by Defendant Archutowski with Defendant Wiles.  (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J., Ex. 5 at 62).  However, sometime in January 2003, Plaintiff stated that she spoke to Defendant Wiles and informed her of the inappropriate touching and that Defendant Wiles states that she would look into it.  (Defs. Anchor Bay School District, McDonald and Wiles Br. in Supp. of Mot. for Summ. J., Ex. 5 at 63).  Defendant Wiles states that she did have phone conversations with Plaintiff during the Fall Semester of 2002, but none of these discussions involved inappropriate touching by Defendant Archutowski.  (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J., Ex. 4 at 17-20).  Defendant Wiles stated that Plaintiff wanted to have Plaintiff Minor removed from Defendant Archutowski's class, but that the reason for this action was

16

that she felt that Plaintiff Minor felt that Defendant Archutowski "didn't like him and didn't treat him fairly." (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J., Ex. 4 at 21-22). Defendant Wiles also stated that she never had any conversations with Ms. Vader about Plaintiff Minor alleging that Defendant Archutowski had touched him inappropriately. (Pl., Rebecca Hainer, as Next Friend of Brandon Chandler, a Minor's, Br in Supp. of Answer to Defs.' Mot. for Summ. J., Ex. 4 at 29).

Construing these facts in a light most favorable to the Plaintiff, although there may be a question of fact as to whether the Defendant School District, through its employees, had constructive notice of the inappropriate touching, there is no showing by the Plaintiff that Defendant School District was deliberately indifferent in failing to act, that the defendants' custom was the "moving force" or direct causal link in a constitutional deprivation. The facts do not show that Defendant School District, as an official policymaking body, had a "custom" that reflected a deliberate, intentional indifference to the sexual abuse of its students. *See Clairbourne County*, 103 F.3d at 508. Even if this Court found that Defendant School District was reckless by not inquiring further into any allegations by Plaintiff Minor against Defendant Archutowski, it cannot be said that the failure to act was the direct result of a custom not to act when confronted with an employees' allegedly egregious and unconstitutional conduct. *See Id.* Just as the existence of a constitutional right must be the threshold determination in any section 1983 claim, the finding of a custom or policy is the initial determination to be made in any municipal liability claim. *Clairbourne County*, F.3d at 509. Defendants School District's Motion for Summary Judgment on Plaintiff's section 1983 claim is granted.

**2.   Individual Employees/Official Capacity**

17

Plaintiff has sued Defendants McDonald and Wiles in their official capacities. (Compl., ¶¶ 3, 4) Defendant McDonald is the Assistant Principal for the Anchor Bay Middle School and Defendant Wiles is a school teacher and the Special Education Coordinator.

A suit against an official of the state is treated as a suit against the municipality. *Claiborne County,* 103 F.3d at 509 (citing *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985)). A supervisory employee cannot be held liable under section 1983 for the constitutional torts of those he or she supervises unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1985). Merely bringing to the attention of a supervisory defendant incidents of misconduct is insufficient to make a supervisory defendant liable under section 1983. *Lilliard v. Shelby County Board of Educ.,* 76 F.3d 716, 728 (6th Cir. 1996).

In this case, Plaintiff has not shown that Defendants McDonald and Wiles encouraged the alleged misconduct by Defendant Archutowski or that they directly participated in the misconduct. The section 1983 claims against Defendants McDonald and Wiles are dismissed.

### B.    State Law Claims

Plaintiff alleges that Defendants School District, McDonald and Wiles are liable under Counts III and IV, negligence and intentional infliction of emotional distress. Although the Complaint alleges negligence, Plaintiff's response to the summary judgment motion argues that Defendants were "grossly negligent." Defendants School District, McDonald and Wiles argue the state law claims are barred by the doctrine of governmental immunity.

A governmental agency is granted broad immunity under MCL § 691.1407(1). *See Ross v. Consumers Power Co.,* 420 Mich. 567 (1984). MCL §691.1407 provides statutory governmental

immunity to:  (1) governmental agencies and officers and employees of governmental agencies (2) engaged in a governmental function (3) if the officers and employees' conduct do not amount to gross negligence (4) that is the proximate cause of the injury or damages.  MCL §691.1407(1) and (2); §691.1401(f).  *See Ross,* 420 Mich. 567; *Rogers v. City of Port Huron*, 833 F.Supp. 1212, 1223 (1993).

"Gross negligence" means "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."  *Rogers,* 833 F.Supp. at 1223.  In order to prevail, a plaintiff cannot assert that defendant's conduct was "a" proximate cause of the plaintiff's injury, but rather, must establish that defendant's conduct was "the" proximate cause of the injury.  *Id.* at 1224.

The elements of intentional infliction of emotional distress are: 1) extreme and outrageous conduct; 2) intent or recklessness; 3) causation; and 4) severe emotional distress.  *Doe v. Mills*, 212 Mich. App. 73, 91 (1995); *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594 (1985).

Viewing the evidence in light most favorable to Plaintiff, as noted above, Plaintiff is unable to show that the actions of Defendants School District, McDonald and Wiles resulted in the alleged inappropriate touching of Plaintiff Minor.  Plaintiff cannot show that these Defendants' conduct or inaction was so reckless as to amount to a substantial lack of concern for whether an injury resulted or that their conduct or inaction was the proximate cause of the injury to Plaintiff Minor.  Plaintiff also has not shown that Defendants School District, McDonald and Wiles' conduct was extreme and outrageous or that they acted with intent or were reckless in their action or inaction.  The state law claims of negligence and intentional infliction of emotional distress are  dismissed against Defendants School District, McDonald and Wiles.

### C.    Defendant Archutowski's Motion for Summary Judgment

### 1.    42 U.S.C. § 1983 / Qualified Immunity

Defendant Archutowski adopts the School District's arguments regarding the 42 U.S.C. § 1983 substantive due process claim against him.

Government officials are entitled to qualified immunity where their actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Green v. Reeves*, 80 F.3d 1101, 1104 (6th Cir. 1996) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Defendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officers would have concluded that [the action at issue was lawful]; but if officers of reasonable competence could disagree on this issue, immunity should be recognized. *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  Qualified immunity is an initial threshold question the court is required to rule on early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive.  *Saucier v. Katz,* 533 U.S. 194, 201 (2001).  Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  *Id.*

The first inquiry to determine qualified immunity is, taken in the light most favorable to the party asserting the injury, do the facts alleged show the official's conduct violated a constitutional right.  *Siegert v. Gilley,* 500 U.S. 226, 232 (1991).  "To successfully state a claim under 42 U.S.C. § 1983, a Plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law."  *Russo v. City of Cincinnati,* 953 F.2d 1036 (6th Cir. 1992).  The following requirements must be met:  (1) the conduct at issue must have been

under color of state law; (2) the conduct must have caused a deprivation of constitutional rights; and (3) the deprivation must have occurred without due process of law. *Nishiyama v. Dickson County,* 814 F.2d 277, 279 (6th Cir. 1987). As § 1983 is not itself a source of substantive rights, and only a method for vindicating federal rights elsewhere conferred, a plaintiff must set forth specific constitutional grounds for asserting a § 1983 claim. *Graham v. Connor,* 490 U.S. 386, 393-394 (1989); *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979).

If no constitutional right would have been violated, there is no necessity for further inquiries concerning qualified immunity. *Saucier,* 533 U.S. at 201. If a violation could be made out, the next step is to determine whether the right was clearly established in light of the specific context of the case, not as a broad general proposition. *Id.* Under the doctrine of qualified immunity, an official will not be found personally liable for money damages unless the official's actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. at 818. The "clearly established" rights allegedly violated by the official cannot be considered at an abstract level, but must be approached at a level of specificity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 639 (1987). "Reasonableness" is a question of law to be decided by the trial court. *Jeffers v. Heavrin,* 10 F.3d 380 (6th Cir. 1993).

Based on the above analysis, the Court finds a genuine issue of material fact as to whether the sixth contact by Defendant Archutowski, along with the first five contacts, "shocks the conscience" and constitutes a brutal and inhumane abuse of official power. Also, as noted above, a schoolchild has a clearly established right under the substantive component of the Due Process

Clause to personal security and to bodily integrity and such right is fundamental. Defendant Archutowski's Motion for Summary Judgment on the substantive due process claim is denied.

### 2. State Law Claims

The state law claims against Defendant Archutowski includes: assault and battery (Count II); negligence or "gross negligence" (Count III); and intentional infliction of emotional distress (Count IV). The Court finds that there is a genuine issue of material fact as to whether Defendant Archutowski is entitled to governmental immunity for the state law claims. Reasonable jurors may find that the contacts by Defendant Archutowski, if proven to be true, constitute gross negligence.

A prima facie case of battery is established by an unlawful threat or unjustified physical conduct. *Newcomb v. City of Troy*, 719 F. Supp. 1408, 1411 (E.D. Mich. 1989). Viewing the light most favorable to Plaintiff, there is a genuine issue of material fact that Defendant Archutowski's conduct constitute assault and battery. As to the gross negligence claim, the Court finds that there is a genuine issue of material fact that Defendant Archutowski's conduct was "the" proximate cause of Plaintiff Minor's injury. The Court further finds that as to the intentional infliction of emotional distress, there is a genuine issue of material fact as to whether Defendant Archutowski's conduct was extreme and outrageous, was intentional or reckless and whether the conduct caused Plaintiff Minor severe emotional distress.

Defendant Archutowski's Motion for Summary Judgment on the state law claims is denied.

## III.   CONCLUSION

For the reasons set forth above, Defendants School District, McDonald and Wiles are dismissed with prejudice. Defendant Archutowski's Motion for Summary Judgment is denied.

Accordingly,

22

IT IS ORDERED that Defendants School District, McDonald and Wiles' Motion for Summary Judgment **[Docket No. 35, filed October 24, 2005]** is GRANTED.

IT IS FURTHER ORDERED that Defendants School District for the City of Anchor Bay, Joseph McDonald and Dianna Wiles are DISMISSED with prejudice from this action.

IT IS FURTHER ORDERED that Defendant Archutowski's Motion for Summary Judgment **[Docket No. 43, filed January 1, 2006]** is DENIED.

IT IS FURTHER ORDERED that a Status Conference with the remaining parties is scheduled for **Monday, November 20, 2006, 2:15 p.m.**


Dated: October 10, 2006                    s/ DENISE PAGE HOOD
                                           DENISE PAGE HOOD
                                           UNITED STATES DISTRICT JUDGE


**Proof of Service**

The undersigned certifies that a copy of the foregoing Memorandum Opinion and Order was served on the attorneys of record herein by electronic means or U.S. Mail on **October 10, 2006**.

s/Kim Grimes
Acting in the absence of
William Lewis, Case Manager

23